UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**IBRAHIM M. KASSIR**,

    Plaintiff,

v.

Case No. 07-13014

HONORABLE DENISE PAGE HOOD
Magistrate Judge Virginia M. Morgan

**MICHAEL CHERTOFF**,
in his official capacity as
Secretary of the U.S. Dept. of Homeland Security,
**MARIA R. CHAVES**,
in her official capacity as
Acting Director of the Detroit District Office of the U.S. Dept. of Homeland Security,
Citizenship and Immigration Services,
and **ROBERT MUELLER**,
in his official capacity as
Director of the Federal Bureau of Investigation,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS
## AND
## NOTICE OF STATUS CONFERENCE

**I.**     **INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss, or in the alternative, To Remand (Dkt. #4, filed on October 29, 2007). Plaintiffs filed a Response on November 12, 2007. Defendant filed a Reply on November 19, 2006. A hearing was held on January 23, 2008.

**II.**     **BACKGROUND**

Plaintiff Ibrahim Kassir has submitted an application for naturalization to the United States Citizenship and Immigration Services ("USCIS"). Kassir filed his application for naturalization, Form N-400, on November 22, 2005, and was interviewed regarding that application on April 20, 2006. When Kassir filed the Complaint on July 19, 2007, the USCIS had not yet processed his

application. Kassir's full security background has not yet been processed.

**III.    STANDARD OF REVIEW**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) where the court lacks subject matter jurisdiction over a plaintiff's claim. Fed. R. Civ. P. 12(b)(1). If a Rule 12(b)(1) motion challenges the court's subject matter jurisdiction based on the sufficiency of the pleadings' allegations, the motion is a facial attack. *United States v. Richie*, 15 F.3d 595, 598 (6th Cir. 1994). In reviewing a Rule 12(b)(1) facial attack, the court must accept all material allegations as true and construe them in a light most favorable to the non-moving party. *Id.* Courts should review 12(b)(1) challenges before others. *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 450 (6th Cir. 1988).

**IV.    APPLICABLE LAW & ANALYSIS**

A.    <u>Jurisdiction</u>

The Government asserts that the Court lacks jurisdiction over this case. Plaintiff disagrees. To determine if the Court has jurisdiction over this matter, it is necessary to determine the meaning of "examination" under 8 U.S.C. §1447(b). Specifically, the Court must determine whether Plaintiff's April 20, 2006 "interview" commenced the running of the 120 day period within which the USCIS had to make a determination upon Plaintiffs' naturalization applications. If that interview did commence the running of the 120 day period, the Court has exclusive jurisdiction over Plaintiff's application. *See* 8 U.S.C. § 1447(b).

Before a person may be naturalized, an "examination" must be conducted to determine the applicant's admissibility for naturalization pursuant to 8 U.S.C. § 1446. If the USCIS fails to make a determination within 120 days after this "examination," 8 U.S.C. §1447(b) permits judicial review

2

of the application. The statute states, in pertinent part:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the *examination* is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter. *Id.* (emphasis added).

In the Complaint, Plaintiff contends that his April 20, 2006 interview constituted the §1447(b) "examination," and that 120 days have passed without a determination by USCIS. Defendants argue that the §1447(b) "examination" is not a single event, but a process that includes all relevant information including the applicant's interview and a complete FBI background check. Because Plaintiff's background check has not been resolved, the 120 day period has not expired, and this Court lacks subject matter jurisdiction to hear this matter.

This is an issue of first impression in the Sixth Circuit. However, many district courts, including this Court, have discussed the issue. The majority of courts addressing the issue have construed the term "examination" under §1447(b) to mean the agency's initial interview of the applicant for naturalization. *See Adbel-Karim v. Gonzales*, 2007 U.S. Dist. LEXIS 31407, at *11 (E.D. Mich. Apr. 30, 2007) (citing a plethora of cases).

Defendant relies on *Danilov v. Aguirre*, 370 F. Supp. 2d 441, 443 (E.D. Va. 2005), to support the argument that the §1447(b) "examination" is not a single event, but instead a process the agency follows to gather information concerning the applicant. However, the *Danilov* court ignored the plain text of §1447(b), as well as its implementing regulations. *See El-Daour v. Chertoff*, 2005 U.S. Dist. LEXIS 18325 (W.D. Pa. 2005). The language of the statute, "[i]f there is a failure to make a determination ... before the end of the 120-day period after the *date* on which the examination is

3

*conducted* ...," suggests "that the *examination* occurs on a particular, identifiable, date," whereas "[a] 'process' does not occur on one particular and identifiable date." *El-Daour*, 2005 U.S. Dist. LEXIS 18325, at *7-8. The *Danilov* court also mischaracterized 8 C.F.R. §335.2 in holding that the regulation requires the FBI to "complete a criminal background investigation of an applicant *before* the examination may be completed" and characterized this investigation "as part of the examination process." *Danilov*, 370 F. Supp. 2d at 444 (emphasis in original). The actual language of 8 C.F.R. §335.2 states:

> (b) Completion of criminal background checks *before* examination. The Service will notify applicants for naturalization to appear before a Service officer for *initial examination* on the naturalization application *only after* the Service has received a definitive response from the Federal Bureau of Investigation that a *full criminal background check* of an applicant has been *completed*. A definitive response that a full criminal background check on an applicant has been completed includes . . .

*Id*. (emphasis added). The language expressly states that the required "examination" is not to take place until after completion of the FBI background check. The "examination" cannot then be a "process" including the interview and background check of the applicant, since the "examination" of the applicant is not to take place until the USCIS receives a "definitive response" from the FBI that the background check is complete.

Other regulations show that the 120 day period was meant to begin running on the date of the "interview." For instance, if deficiencies in an application are discovered during an "examination," the USCIS may reschedule one reexamination under timing constraints pursuant to 8 C.F.R. § 335.3(b), which states that, "[t]he reexamination on the continued case shall be scheduled within the 120-day period after the initial examination . . ." 8 C.F.R. § 335.3(b). This regulation must be read in connection with 8 C.F.R. § 312.5(b), which states:

> Before an applicant may request a postponement of the second examination to a date

4

> that is more than 90 days after the initial examination, the applicant must agree in writing to *waive the requirement* under section 336 of the Act *that the Service must render a determination on the application within 120 days from the initial interview,* and instead to permit the Service to render a decision within 120 days from the second interview.

8 C.F.R. § 335.3(b) (emphasis added). *See also Angel v. Ridge*, 2005 U.S. Dist. LEXIS 10667(S.D. Ill. 2005). The *Danilov* court failed to address these regulations in rendering its decision that the "examination" required under §1446 is a "process." If the "examination" is a "process," then the above waiver requirement in §312.5(b) would be unnecessary.

Lastly, the definition of "examination" in §1447(b) urged by Defendant is contrary to the intention of Congress in passing the Immigration and Nationality Act. "A central purpose of the statute was to reduce the waiting time for naturalization applicants." *Hovespian*, 359 F.3d at 1163. (Quoting H.R. Rep. No. 101-187, at 8 (1989); 135 Cong. Rec. H4539-02, H4542 (1989) (statement of Rep. Morrison). "Congress intended to streamline the process of applying for naturalization and intended to reduce the burdens on courts and the INS." *Id.* (quoting H.R. Rep. No. 101-187, at 8; 135 Cong. Rec. H4539-02, H4543 (statement of Rep. Smith). Also, "[r]epresentatives drafting the statute were concerned with the consistency and fairness of naturalization decisions." *Id.* at 1164. (quoting H.R. Rep. No. 101-187, at 12-13); *see also*, *Zaranska v. U.S. Dep't of Homeland Sec.*, 2005 U.S. Dist. LEXIS 17559 (E.D .N.Y., July 18, 2005) (adopted by *Zaranska v. United States Dep't of Homeland Sec.*, 2005 U.S. Dist. LEXIS 27134 (E.D. N.Y., Nov. 10, 2005).

Based on the above policy considerations, the Ninth Circuit held that "Section 1447(b) allows the district court to obtain exclusive jurisdiction over those naturalization applications on which the INS fails to act within 120 days if the applicant properly invokes the court's authority." *United States v. Hovsepian*, 359, F.3d 1144, 1164 (9th Cir. 2004). Here, the USCIS failed to act

within 120 days of Plaintiffs' interviews. The Court therefore concludes that it has jurisdiction to hear this matter.

B. Remand

The Government argues in the alternative that this Court should remand the matter back to USCIS for adjudication once the agency has collected all necessary and relevant information. However, other than asserting that the USCIS is in the best position to process naturalization applications, the Government does not adequately support its argument. For instance, the Government fails to offer reasons for the delay with Kassir's application or assurances that the remaining portions of Kassir's application will be processed expeditiously. In the Declaration of Douglass S. Pierce, which was submitted with Defendants' Motion, the Government indicates that the USCIS submitted Plaintiff's name check request to the FBI on December 7, 2005, but that the FBI has not yet completed the name check. (Decl. ¶ 9.) Neither the Declaration nor the Government's Motion provide an explanation for the FBI's delay. Moreover, in its Motion, the Government reveals that Kassir's fingerprint card has expired. (Decl. ¶ 7.) In other words, the Government indicates that the processing of Kassir's application has ceased. Kassir has not yet been scheduled for new fingerprinting. (*Id.*)

"Section 1447(b) allows the district court to obtain exclusive jurisdiction over those naturalization applications on which the INS [now USCIS] fails to act within 120 days if the applicant properly invokes the court's authority." *Hovsepian*, 359 F.3d at 1164. Under the facts of this case, the Court holds that permitting the USCIS to retain jurisdiction of this case – with no explanation of its delays of Kassir's application, both past and present – would frustrate Congress' intent to require the USCIS to make a naturalization determination within 120 days of an applicant's

examination. *Id*. at 1163. This Court therefore exercises exclusive jurisdiction of this matter.

## V. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion to Dismiss, or in the alternative, To Remand (Dkt. #4, filed on October 29, 2007) is **DENIED**.

A status conference in this matter shall be held on **Monday, October 27, 2008 at 2:45pm.**


                                        S/Denise Page Hood
                                        Denise Page Hood
                                        United States District Judge

Dated: September 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2008, by electronic and/or ordinary mail.

                                        S/Lisa Ware for William F. Lewis
                                        Case Manager